MAE (KENNEY) McCROSSON, PROSECUTOR, v. CIVIL SERVICE COMMISSION, DEFENDANT.

Argued January 16, 1934—Decided March 29, 1934.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Harry V. Osborne* and *Charles A. Malloy.*

For the defendant, *William A. Stevens,* attorney-general.

PER CURIAM.

The prosecutor, Mae (Kenney) McCrosson, after examination and certification by the civil service commission of this state, was appointed clerk-typist in the state highway commission, on July 1st, 1927. This position is in the classified competitive civil service of the state. She served until August 1st, 1933.

On April 1st, 1928, James H. Laffan, after like examination and certification, was appointed clerk-typist in the state highway department. He served until August 1st, 1933.

On August 1st, 1933, both Mrs. McCrosson and Mr. Laffan were laid off by the state highway commission for reasons of economy. Sometime thereafter Mr. Laffan was reinstated. Mrs. McCrosson was not reinstated.

Mrs. McCrosson appealed to the civil service commission, which sustained the action of the highway commission in retaining Mr. Laffan. The commission decided "that the highway department has exercised its reasonable discretion in retaining a male instead of a female in a position as clerk-typist." It further ordered that prosecutor's name be continued on the re-employment list to be considered, as her re-employment rights warrant, for vacancies in the highway department or any other part of the state service.

From the record it appears, and in prosecutor's brief it seems to be conceded, that the highway commission might request certification for original employment of either a male or a female clerk-typist. This appears to be in conformity with the rules established by the civil service commission. If the highway commission may request certification of males only in filling a position in the first instance, there appears nothing unreasonable in holding that a male employe may be restored to a position which he formerly held, and to fill which the employing authority may request certification of males only. It is not asserted that Mr. Laffan is not eligible for reinstatement if a male is to be employed. The insistence of prosecutor is that the reinstatement must be from the eligible list of males and females in their order, regardless of sex. If this rule were followed, the practice might easily result in females only being reinstated to fill positions theretofore held only by males, and to fill which positions only males had originally been certified, under the rules of the civil service commission.

We conclude that Mr. Laffan has been retained in accordance with the rules governing such appointments, as appears from the record, and that such action of the highway commission was a reasonable exercise of the discretion vested in it.

The writ is dismissed, without costs.